

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | ASPALATHOS INVESTMENTS, LLC, | Case No.: 25-cv-01320-GPC-DEB |
| 12 | Plaintiff, | |
| 13 | v. | **ORDER GRANTING THIRD PARTY CIRCLE INTERNET FINANCIAL, LLC'S MOTION TO UNSEAL AND TAKING CIRCLE'S MOTION TO LIFT THE NONDISCLOSURE ORDER UNDER ADVISEMENT.** |
| 14 | JOHN DOES 1–10, including JOHN DOE, the current owner, operator, or controller of Ethereum wallet address 0xf70da97812CB96acDF810712Aa562db8dfA3dbEF, | |
| 15 | | |
| 16 | | |
| 17 | | **[ECF No. 47]** |
| 18 | Defendants. | |

On October 17, 2025, Specially Appearing Third Party Circle Internet Financial, LLC, ("Circle") filed a motion to unseal the case and lift the nondisclosure order as applied to Circle. Plaintiff responded in opposition to Circle's motion on October 29, 2025. On November 5, 2025, the Court allowed a limited unsealing of the filings in this case as to one party only: Relay. ECF No. 55. Now, considering the motion in its entirety, the Court GRANTS Circle's motion to unseal this case, and all future filings will be unsealed. To the extent that any third party requires access to previously filed documents in this case, it may make such a request of the Court. As to the Nondisclosure Order, the Court will allow

1

Plaintiff an opportunity to identify any specific information that it believes should remain subject to the nondisclosure order. Thus, Circle's motion to lift the nondisclosure order is taken under advisement.

## Background

Plaintiff filed suit against Defendants on May 28, 2025, following a cryptocurrency "phishing" attack wherein approximately $1 million in digital assets were stolen from Plaintiff. *See generally* ECF No. 1. On the same day Plaintiff filed its complaint, Plaintiff filed a motion to seal the complaint and case documents to protect against (1) further dissipation of Plaintiff's assets and (2) disclosure of Plaintiff's sensitive financial information. ECF No. 2-2, at 2. Plaintiff's initial motion asked to seal the record for a period of ninety days. *Id.* at 4. On May 28, 2025, the Court granted Plaintiff's first motion to seal. ECF No. 3. Plaintiff subsequently served the John Doe Defendants through on-chain messages directly to Defendants' digital wallets and through a public post on X. ECF No. 8, at 7; ECF No. 10-1, at 2-3.

Defendants have not made an appearance in this litigation, and the Court granted default judgment in Plaintiff's favor on July 25, 2025. ECF No. 19, 23. On July 31, 2025, Plaintiff moved for a non-disclosure order directed at Circle. ECF No. 21. The Court granted Plaintiff's motion, prohibiting Circle from disclosing to any person or entity the contents of any filings or orders in this case or actions Circle might take in relation to the case. ECF No. 27. On August 8, 2025, Plaintiff moved to enforce the default judgment by directing identified third parties—including Circle—to (1) freeze, blacklist, or otherwise render inaccessible assets held in a particular digital wallet address, which Plaintiff asserted belonged to Defendants, (2) reissue the equivalent of those assets to Plaintiff. ECF No. 26, at 22. On August 18, 2025, the Court granted Plaintiff's motion to enforce as to Circle and one other company (the "Freeze Order"). ECF No. 31, at 14.

On August 25, 2025, Plaintiff moved to extend its initial request to seal the case for another 90 days, asking that the case remain sealed "while enforcement is in progress." ECF No. 32, at 2. Plaintiff alleged that it risked "irreparable harm" if the filings were made public because the "assets subject to the Default Judgment Order may be irreversibly transferred or converted, putting them forever out of reach." ECF No. 32, at 2. The Court granted Plaintiff's motion to extend seal on August 28, 2025. ECF No. 36. However, in denying Plaintiff's subsequent motion to expedite these proceedings, the Court noted that "there is no evidence at this point that Defendants intend on abandoning the wallet or dissipating all assets in the wallet," and that "[i]f Defendants intended on moving the assets beyond the Court's reach, they would have done so four months ago, when Plaintiff first notified them of the litigation." ECF No. 42, at 4.

Circle has appeared before this Court to challenge the Freeze Order directing it to freeze assets in the cryptocurrency wallet identified by Plaintiff. ECF No. 34. To facilitate Circle's understanding of the proceedings, the Court granted a limited unsealing of the documents in this case as to Circle only. ECF No. 38. The parties are currently litigating the procedural and substantive propriety of the Court's Freeze Order. While those issues remain pending before the Court, Circle has moved to unseal this case and lift the nondisclosure order directed towards it. ECF No. 47. Specifically, Circle alleges that the compelling reasons that may have initially existed to justify seal are no longer present in this case. On November 5, 2025, the Court allowed a limited unsealing of the filings in this case as to one party only: Relay. The Court now considers Circle's motion as a whole.

## I.  Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Thus, "[u]nless a particular court record is

one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'" *Id.* (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record, therefore, must articulate compelling reasons for doing so that "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. "In addition, '[a]ny order sealing documents should be narrowly tailored" to serve those compelling reasons." *Doe v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 9917688, at *1 (S.D. Cal. June 21, 2021), as modified (June 29, 2021). A court should only grant the sealing of an entire case file in "extremely limited" circumstances, and the Judicial Conference of the United States has discussed such a practice as "a last resort." *Low v. Bartolotti*, No. CV 18-00283 JMS-KJM, 2021 WL 2637318, at *2 (D. Haw. June 25, 2021) (internal quotation marks and citations omitted).

When a party moves to unseal documents in a case, the party in favor of maintaining the seal must "present articulable facts identifying the interests favoring continued secrecy" and "show that these specific interests overcame the presumption of access." *Kamakana*, 447 F.3d at 1181 (internal quotation marks and citation omitted).

**II.     DISCUSSION**

**A. The Court will exercise its discretion to consider Circle's Motion despite procedural flaws.**

Plaintiff first argues that the Court should not consider Circle's motion to unseal because it is procedurally defective. Plaintiff is correct that Circle initially filed its motion without first receiving a hearing date as mandated by this Court's Local Rules. However, upon receipt of the motion on October 17, 2025, the Court, despite the motion's procedural deficiency, set a briefing schedule allowing Plaintiff time to respond and articulated its intention to consider the motion at the previously scheduled October 31, 2025, hearing between the parties. ECF No. 48.

Indeed, the parties held a call with chambers, during which chambers again articulated its preference to address the motion alongside the other pending motions at the October 31 hearing. In response, Plaintiff requested a short extension to file its brief in opposition, which the Court granted. See ECF Nos. 49, 51.

The Court sought to address all pending motions at the October 31 hearing in an effort to increase the efficiency of the proceedings, particularly given Plaintiff's continued insistence that the proceedings be expedited. *See*, *e.g.*, ECF No. 7, 13, 25, 39 (motions for an order shortening time). Additionally, the Court ensured that Plaintiff was given an opportunity to oppose Circle's motion prior to the hearing. *See*, *e.g.*, ECF Nos. 48, 51.

Given that Plaintiff had notice of the Court's intent to consider the motion at the hearing and was given adequate time to oppose Circle's motion, the Court finds that Circle was not prejudiced by the motion's procedural deficiency. The Court further finds that the motion to unseal raises pressing questions regarding Circle's capacity to litigate its cause and public access to court records and thus requires prompt consideration. Therefore, the Court exercises its discretion under California Civil Procedure Code § 187 and this District's Local Rule 1.1(d) to accept and consider the motion, despite its deficiencies, in the interests of justice. See Cal. Civ. Proc. Code § 187(a); CivLR 1.1(d). See also *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, No. 14MC0500, 2014 WL 7467806, at *5 (S.D. Cal. Dec. 30, 2014).

### B. Circle has standing to move to unseal the case documents

Plaintiff alleges that Circle lacks standing to move to unseal the documents in this case, as "Circle is not a party and has no legally cognizable interest in the outcome." ECF No. 53, at 5. However, the Court is unpersuaded by this facet of Plaintiff's argument, given that Plaintiff has asked the Court to compel Circle to satisfy Plaintiff's nearly $3 million judgment, which Circle alleges would necessarily come from its own resources.

"The 'irreducible constitutional minimum' of standing consists of three elements: the party asserting the claim must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *In re Granick*, 388 F. Supp. 3d 1107, 1115 (N.D. Cal. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff argues that Circle has not alleged an injury in fact related to the continued sealing of this case. ECF No. 53, at 5. Plaintiff is wrong. Indeed, Circle alleges that it is has been placed at a disadvantage by being "forced to litigate in secret without the ability to communicate with relevant third parties, such as the owner of the bridge address." ECF No. 47, at 3. Additionally, Circle cites the "concrete, practical burdens," it faces due to the sealed nature of the case. *Id.* at 8-9. For instance, Circle must rely on Plaintiff's counsel for information, thereby requiring it to challenge the Freeze Order with a "limited access to the record." *Id.*

Circle has sufficiently alleged a "concrete and particularized" injury from the sealed nature of the proceedings to establish standing.  *See*, *e.g.*, *In re Granick*, 388 F. Supp. 3d at 1117 ("By articulating the harm to their ability to conduct research, Petitioners [a non-party] have asserted a colorable claim of public access to sealed court records, which is not merely conjectural or hypothetical, to establish standing."). The injury is further directly tied to Plaintiff's continued efforts to maintain the case under seal and is capable of being redressed by this Court's unsealing of the proceedings. Thus, Circle does not lack standing to move to unseal the case.

The Court further notes that, aside from Circle's current motion, the Court itself retains a duty to ensure that any denial of public access to court records must "be no greater

than necessary to protect the interest justifying it." *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982). Indeed, "[t]he strong presumption of public access forces district courts to be cognizant of when the reasons supporting sealing in a specific case . . . have either passed or weakened." *In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001). "Compelling reasons must continue to exist to keep judicial records sealed." *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Thus, a court must lift a seal "when the danger of prejudice has passed." *Brooklier*, 685 F.2d at 1172; *see also In re Cendant Corp.*, 260 F.3d at 196 ("Even if a sealing order was proper at the time when it was initially imposed, the sealing order must be lifted at the earliest possible moment when the reasons for sealing no longer obtain."). Here, as explained below, the Court finds that Plaintiff has failed to articulate continuing compelling reasons to justify keeping this case sealed in its entirety. Thus, the Court has a duty to unseal this this case regardless of whether Circle has standing to make their motion or, indeed, whether Circle moved to unseal at all.

**C. Compelling Reasons No Longer Justify Sealing This Case in its Entirety**

Plaintiff initially sought to seal its complaint in this action because, (1) "[d]ue to the nature of cryptocurrency, the Plaintiff's solen assets . . . are at serious risk of being dissipated or further obfuscated," and (2), the complaint "exposes the Plaintiff's sensitive financial information." ECF No. 2-2, at 2-4; ECF No. 47, at 3. Circle now argues that the circumstances that initially supported the sealing of this case are no longer relevant. Defendants have been given notice of this case, and Plaintiffs acknowledge that "Defendants now know their conduct has been identified, that freeze orders are being pursued, and that time is running out." ECF No. 43-1, at 3. Thus, Circle argues, the compelling reasons for sealing the case in its entirety have elapsed, and a more narrowly tailored solution is required.

Plaintiff counters that "risk of dissipation is higher now than when filed." ECF No. 53, at 2. However, Plaintiff identifies no concrete reason why that might be the case other than hypothesizing that the relevant bad actors might be "well-served to maintain a posture of apparent inactivity until a freeze order or other enforcement becomes imminent, then execute rapid, distributed transfers that place assets beyond recovery." ECF No. 53, at 3. Plaintiff's concerns that Defendants' will move funds from the cryptocurrency address that Plaintiff's refer to as "Defendants' Wallet" are further undermined by the fact that Circle has now presented facts suggesting that Defendants have never maintained control over the wallet in question.

Plaintiff then alleges that the "on chain" notification provided to Defendants—previously identified by Plaintiff as the "most effective means of communication" to Defendants, ECF No. 7, at 7—was "merely procedural service of process that does not equate to actual knowledge of the proceedings." ECF No. 53, at 3. Thus, Plaintiff argues that unsealing this case would provide Defendants with information they do not currently possess regarding the existence of this lawsuit. *Id.* This runs counter to Plaintiff's previous assertion that "Defendants now know their conduct has been identified [and] that freeze orders are being pursued." ECF No. 43-1, at 3. Further, Plaintiff does not address why it believes Defendants may be more likely to learn of this case through the unsealing of the proceedings—which would result in no outreach to Defendants—than though the direct notification provided to Defendants at the time of service. Additionally, Plaintiff has already consented to the unsealing of these proceedings as to one entity—Relay—which Plaintiff maintains is a bad actor. *See*, *e.g*., ECF No. 53, at 5 (describing Relay as playing a role "in facilitating illegal, unlicensed money transmission."). Thus, the Court is not persuaded by Plaintiff's arguments that an unsealing of the case would create any new risk regarding Defendants' knowledge of this litigation or the dissipation of Plaintiff's assets.

1     Lastly, Plaintiff argues that public policy favors keeping the case sealed. ECF No.
2  53, at 4. Plaintiff alleges that the public has an interest in ensuring that courts can
3  effectively protect victims of emerging forms of cybercrime. ECF No. 53, at 4. However,
4  the Court does not believe that unsealing this case undermines that interest. Indeed, this
5  Court has gone to great lengths to facilitate Plaintiff's recovery of its stolen assets. Further,
6  as noted above, Plaintiff has not shown by more than vague and conclusory statements why
7  the unsealing of this case would compromise Plaintiff's efforts to recover. Thus, Plaintiff
8  has not demonstrated its alleged public policy concerns outweigh the "general history of
9  access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.

10     Overall, Plaintiff has failed to put forth compelling reasons in favor of a continued
11  seal of the entire case. It has not "present[ed] articulable facts identifying the interests
12  favoring continued secrecy" nor "show[n] that these specific interests overc[o]me the
13  presumption of access." *Kamakana*, 447 F.3d at 1181 (internal quotation marks and citation
14  omitted). Plaintiff has further failed to articulate how the continued seal of the entire case
15  is sufficiently "narrowly tailored" to serve Plaintiff's compelling reasons. *Doe v. L. Offs.*
16  *of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 9917688, at *1 (S.D. Cal. June 21,
17  2021), as modified (June 29, 2021).

18     Accordingly, the Court **GRANTS** Circle's motion to unseal, and all future filings in
19  this case will not be sealed unless a party moves to do so and sufficiently demonstrates
20  compelling reasons to seal. Any third party requiring access to previously filed documents
21  in this case should make such a request of the Court.

22     The Court is also prepared to lift the nondisclosure order directed to Circle, but not
23  before providing Plaintiff with an opportunity to identify what specific information it
24  believes should remain subject to such an order. Accordingly, once Plaintiff obtains new
25  counsel, within two weeks of such counsel making an appearance in this case, Plaintiff
26  may file a motion to maintain specific information subject to a nondisclosure order. In such

a motion—which Plaintiff may move to file under seal—Plaintiff must articulate the compelling reasons for maintaining the nondisclosure order as to the specific information. In the event that Plaintiff files such a motion, Circle may respond within seven (7) days.

**IT IS SO ORDERED.**

Dated:  November 21, 2025

Hon. Gonzalo P. Curiel
United States District Judge