UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPALATHOS INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1–10, including JOHN DOE, the current owner, operator, or controller of Ethereum wallet address 0xf70da97812CB96acDF810712Aa562db8dfA3dbEF,<br><br>Defendants. | Case No.: 25-cv-01320-GPC-DEB<br><br>**Order GRANTING Plaintiff's Counsel's Motion to Withdraw as Counsel**<br><br>**[ECF No. 57]** |

Before the Court is Emilio A. Cazares of Turner & Associates, P.A.'s motion to withdraw as Plaintiff Aspalathos Investments, LLC's counsel. ECF No. 57. Defendants were given until November 21, 2025, to file a response in opposition to the motion, and they have not done so. Third Party Circle filed notice of non-opposition to the motion. ECF No. 60. The Court has thus considered Plaintiff's counsel's unopposed motion and **GRANTS** the motion to withdraw. The Court further **ORDERS** Plaintiff to obtain new counsel and for that counsel to file an appearance in this case no later than **December 15, 2025**.

1

## BACKGROUND

On November 7, 2025, Plaintiff's counsel filed a motion to withdraw as counsel. ECF No. 57. In the motion, Plaintiff's counsel informed the Court that Plaintiff wishes to obtain different representation, and the motion is accompanied by Plaintiff's written consent. ECF No. 57-1, ¶¶ 2, 3. Counsel avers that he has provided Plaintiff with notice of the motion, and that he has taken steps to avoid prejudice to Plaintiff, including "advising the Plaintiff of the need to promptly obtain new counsel, taking measures to stay existing deadlines, offering to transfer the client's file, and agreeing to reasonable cooperation with Plaintiff's new counsel of choice." *Id* ¶ 6. Plaintiff is currently undertaking the responsibility of locating and engaging new counsel. *Id.* ¶ 2.

Neither Defendants—who have not appeared in this case—nor Third Party Circle have opposed Plaintiff's counsel's motion. *See* ECF No. 60.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Local Rule 83.3(f)(3) requires an attorney to serve any motion to withdraw on the adverse party and his client and to file a declaration pertaining to such service.[1]

California Rule of Professional Conduct 1.16 states that "a lawyer may withdraw from representing a client if . . . the client knowingly and freely assents to termination of the representation." CA ST RPC Rule 1.16. Even so, consent of the client is not dispositive. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D.

---

[1] Plaintiff's counsel has complied with these requirements. *See* ECF No. 57-1, ¶ 9.

Cal. Aug. 18, 2010). A court must also consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No. C09 01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). This district's Local Rules also require that corporations "may appear in court only through an attorney." CivLR 83.3(j).

## DISCUSSION

Here, good cause for withdrawal exists because Plaintiff has knowingly and freely assented to termination of the employment. *See* ECF No. 57-1, at 5-6; CA ST RPC Rule 1.16. Indeed, Plaintiff has indicated a desire to terminate its relationship with counsel and seek new representation. ECF No. 57-1 ¶ 2.

Further, the withdrawal of Plaintiff's counsel would not unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case. *See In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). Plaintiff is not prejudiced, as it has initiated and consented to the withdrawal. ECF No. 57-1, at 5-6. Additionally, withdrawal will not prejudice Defendants—who have not appeared in this action and have, therefore, developed no working relationship with Plaintiff's counsel—nor Third Party Circle—which has cooperated with Plaintiff's counsel to extend deadlines allowing Plaintiff to acquire new counsel and filed a notice of non-opposition to counsel's motion to withdraw. ECF No. 60. Nor will withdrawal of Plaintiff's counsel hinder the administration of justice, as Plaintiff—the party in this case entitled to recovery—has determined that its interests are better served by new counsel. The Court will not dispute Plaintiff's determination.

As to delay, Plaintiff's counsel has indicated that Plaintiff has already begun the process of identifying new counsel and that Plaintiff has been advised to do so promptly. ECF No. 57-1, ¶¶ 2, 6. Third Party Circle has also consented to an extension of existing deadlines to accommodate for Plaintiff's acquisition of new counsel. *Id.* ¶ 7. Thus, Plaintiff's counsel's withdrawal will not result in undue delay.

Accordingly, the Court **GRANTS** Plaintiff's counsel's motion to withdraw as counsel.

However, Plaintiff's counsel's withdrawal will leave Plaintiff, a corporation, without counsel. Under Local Rule 83.3(j), a corporate party must be represented by counsel and cannot appear pro se. *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."). Thus, the Court **ORDERS** Plaintiff to obtain substitute counsel and have its new counsel file a notice of appearance in this action as soon as practicable and no later than **21 days** from now, **December 15, 2025**.

The Court cautions Plaintiff that failure to comply with this Order and obtain new counsel may result in the termination of this action. *See*, *e.g.*, *AmNet ESOP Corp. v. CrossCountry Mortg., Inc.*, No. 24-CV-0970-MMA-KSC, 2024 WL 5036653, at *2 (S.D. Cal. Aug. 9, 2024) *Fed. Sols. Grp., Inc. v. H2L1-CSC, JV*, No. 4:17-CV-05433-KAW, 2019 WL 4918256, at *3 (N.D. Cal. Oct. 4, 2019).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion to withdraw and **ORDERS** Plaintiff to obtain substitute counsel and for such counsel to file an appearance in this case within 21 days of this Order, by **December 15, 2025**. The Court vacates the hearing previously scheduled for December 5, 2025.

**IT IS SO ORDERED.**

Dated: November 24, 2025

Hon. Gonzalo P. Curiel
United States District Judge