UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPALATHOS INVESTMENTS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOES 1–10, including JOHN DOE, the current owner, operator, or controller of Ethereum wallet address 0xf70da97812CB96acDF810712Aa562db8dfA3dbEF,<br><br>                              Defendants. | Case No.: 25-cv-01320-GPC-DEB<br><br>**ORDER EXTENDING BRIEFING DEADLINES** |

On November 24, 2025, this Court granted Plaintiff's counsel's motion to withdraw and informed Plaintiff of the need to obtain new counsel by December 15, 2025. Though this date has not yet passed, the Court notes that existing briefing deadlines are set to expire prior to Plaintiff's deadline to obtain new counsel. *See* ECF No. 58.

To alleviate the logistical burden of adjusting deadlines in a piecemeal fashion, the Court will *sua sponte* extend the existing deadlines. Thus, the current briefing deadlines are as follows:

1. Plaintiff and Circle shall provide additional briefing on the issue of personal jurisdiction and Circle's contacts with the state of California, with a specific focus on (1) the minimum contacts required for a Court to compel a third party to act pursuant to its authority under the All Writs Act, and (2) the application of the minimum contacts test to cases involving internet-based services. Plaintiff shall submit briefing limited to ten (10) pages on or before **January 9, 2026.** Circle shall file a response limited to ten (10) pages on or before **January 16, 2026.**

2. Following the limited unsealing to permit Relay to access case files, Circle, through communication with Relay, is to provide additional briefing on the function, ownership, and control of Ethereum wallet address 0xf70da97812CB96acDF810712Aa562db8dfA3dbEF, which Plaintiff refers to as "Defendant's Wallet." The briefing shall further address what burden any "freeze" on the identified wallet address would place on Circle and third parties unrelated to this action. Circle shall submit briefing limited to ten (10) pages on or before **January 9, 2026.** Plaintiff shall file any response limited to ten (10) pages on or before **January 16, 2026.**

The Court also notes that, on November 26, 2025, Plaintiff filed a Notice urging the Court to maintain the seal on this case in its entirety. ECF No. 62. The Notice indicated that the seal was set to expire on November 26, 2025. *Id.* at 1. However, at the time Plaintiff filed its Notice, this case had already been unsealed.

The Court points Plaintiff to the Court's November 21, 2025, Order unsealing this action. ECF No. 59. All future filings in this case will be unsealed, and any party seeking access to previously filed documents in this case may make a request of the Court. *Id.* at 1. If a party believes that any future filing should be filed under seal, it must move to do so.

Further, the Court provided Plaintiff with the opportunity to identify specific information that it believes should remain subject to a nondisclosure order moving forward. *Id* at 9-10. Plaintiff must do so within two weeks of obtaining new counsel. *Id.*

The Court reiterates that Plaintiff, a corporation, cannot appear in this action without counsel, and cautions Plaintiff that failure to obtain new counsel may result in the termination of this action. See, e.g., *AmNet ESOP Corp. v. CrossCountry Mortg., Inc.*, No. 24-CV-0970-MMA-KSC, 2024 WL 5036653, at *2 (S.D. Cal. Aug. 9, 2024); *Fed. Sols. Grp., Inc. v. H2L1-CSC, JV*, No. 4:17-CV-05433-KAW, 2019 WL 4918256, at *3 (N.D. Cal. Oct. 4, 2019).

Lastly, the Clerk is ORDERED to email and mail a copy of this Order to Plaintiff's email and mailing addresses listed in ECF No. 62.

**IT IS SO ORDERED.**

Dated:  December 10, 2025

Hon. Gonzalo P. Curiel
United States District Judge